UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

BRUNO HANNEY; and PAUL TAYLOR,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

vs.

EPIC AIRCRAFT LLC, a Delaware limited
liability company,

                Defendant.

Case No. 6:21-cv-01199-MK

**CORRECTED OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs filed this putative class action against Defendant Epic Aircraft, LLC, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and for violating the Oregon Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. ("ORS") §§ 646.605, *et seq.* Compl., ECF No. 1. Defendant responded with 19 affirmative defenses. Def.'s Ans. and Affirmative Defenses, 27–30, ECF No. 27 ("Def.'s Ans."). Plaintiffs move to strike nine of those affirmative defenses. Pl.'s Mot. to Strike 1–7, ECF No. 47 ("Pl.'s Mot."). For the reasons that follow, Plaintiffs' motion to strike is GRANTED in part and DENIED in part.

## BACKGROUND

Epic manufactures airplanes. In 2014, Epic announced its plan to design, develop, and manufacture a single-engine, six-seat turboprop E1000 aircraft, with hopes of receiving Federal Aviation Administration ("FAA") certification in 2015. Compl. ¶ 2. Epic took reservations for the E1000 aircraft at a price of $2.75 million. *Id.* ¶ 6. Epic's customers, including Plaintiffs, entered into aircraft customer reservation agreements and submitted the required monetary deposits. *Id.* ¶¶ 3–4, 17–18. After several years of reassuring customers that their E1000 aircraft orders would be fulfilled, Epic received FAA type and production certification in November 2019 and July 2020. *Id.* ¶¶ 7–8.

After FAA certification for the E1000, Epic informed its customers with reservation agreements that the aircraft would not be available for sale. *Id.* ¶¶ 10, 70. Instead, Epic offered to sell a "new" E1000 GX aircraft model to its existing E1000 customers for a retail price of $3.85 million. *Id.* ¶ 11. Epic refused to honor its customer reservation agreements to manufacture and sell E1000 aircraft to Plaintiffs and other aircraft reservation holders. *Id.* ¶ 13.

In August 2021, Plaintiffs filed this lawsuit on behalf of themselves and other reservation agreement holders, alleging that Epic breached the terms of E1000 aircraft customer reservation agreements and made material misrepresentations and omissions in connection with the marketing and sale of E1000 aircraft. *Id.* ¶¶ 131–83. Defendant moved to dismiss and moved to strike. Def.'s Mot. Dismiss and Mot. Strike, ECF No. 14. This Court recommended that those motion be denied. *Id.* Defendant filed an Answer with 19 affirmative defenses, nine of which Plaintiffs now move to strike. Def.'s Ans. 27–30, ECF No. 27.

**STANDARD OF REVIEW**

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). However, motions to strike are generally disfavored and infrequently granted. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

Courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone*, 618 F.3d at 973. "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel. Contreras v. Cty. of Glenn*, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting *Bassett v. Ruggles*, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009)).

**DISCUSSION**

Plaintiffs move to strike nine of Defendant's affirmative defenses. Pl.'s Mot. 4–7, ECF No. 47. Plaintiffs assert that Defendant's first, sixth, twelfth, sixteenth, seventeenth, and eighteenth affirmative defenses are either "not legally cognizable defenses or improperly challenge the elements of Plaintiffs' prima facie case." *Id.* at 2–5. Plaintiffs also assert that

Defendant's eighth, ninth, and tenth affirmative defenses are insufficiently pled, and thus fail to give Plaintiffs sufficient notice of the defense. Plaintiffs' arguments are addressed in turn.

**I.       Legally Cognizable**

As noted, Plaintiffs assert that Defendant's first, sixth, twelfth, sixteenth, seventeenth, and eighteenth affirmative defenses "simply deny the matters alleged in Plaintiffs' Complaint or assert matters that would not otherwise bar Plaintiffs' recovery." *Id.* at 2–5. Motions to strike are disfavored. "However, a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to [a] plaintiff's claim[ ] as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party." *City of Portland v. Iheanacho*, Case No. 3:17- CV-00401-AC, 2018 WL 1426564, at *3 (D. Or. Mar. 22, 2018) (quotation marks omitted). The Court concludes that Plaintiffs will not be prejudiced by Defendant's affirmative defenses, nor has Plaintiffs explained how the defenses could have no possible bearing on the subject matter of the litigation. Accordingly, Plaintiffs motion as to Defendant's first, sixth, twelfth, seventeenth, and eighteenth affirmative defenses is DENIED.

**II.      Insufficiently Pled**

Next, Plaintiffs contend that Defendant's eighth, ninth, and tenth affirmative defenses are insufficiently pled. Although the fair notice standard does not require a detailed statement of facts, "it does require the defendant [to] state the nature and grounds for the affirmative defense." *Fed. Trade Comm'n v. Adept Mgmt., Inc.*, No. 1:16-cv-00720-CL, 2017 WL 1055959, at *1 (D. Or. Mar. 20, 2017); *see also Mass Engineered Design, Inc v. Planar Sys., Inc.*, No. 3:16-cv-1510-SI, 2017 WL 7313944, at *2 (D. Or. Nov. 27, 2017) ("Fair notice generally requires that the defendant state the *nature and grounds* for the affirmative defense.") (emphasis in original)

(citation omitted). The Court agrees with Plaintiffs that Defendant's eighth, ninth, and tenth affirmative defenses are insufficiently pled. Those defenses were pled as:

> EIGHTH AFFFIRMATIVE DEFENSE
> Plaintiffs failed to mitigate their damages.
> NINTH AFFIRMATIVE DEFENSE
> Plaintiffs assumed the risk of damages incurred if any.
> TENTH AFFIRMATIVE DEFENSE
> Plaintiffs have delayed in asserting their rights, and, because of this delay, they are no longer entitled to bring an equitable claim.

Def.'s Ans. 28, ECF No. 43. Here, Defendant has stated the nature of its affirmative defenses but not the grounds. *See McDonald v. Alayan*, No. 3:15-cv-02426-MO, 2016 WL 2841206, at *3 (D. Or. May 13, 2016) (striking affirmative defenses that only state "conclusory allegations consisting of a title asserting the defense and then a one sentence explanation that adds nouns and verbs"). "[S]uch pleadings give [a plaintiff] no information as to whether [a defendant has] an arguable basis for any such claims or are simply asserting them just in case facts might later arise to support them." *Antonio v. Kokor*, 2017 WL 942386, at *2 (E.D. Cal. Mar. 10, 2017). Some factual bases, even brief, is necessary to be sufficiently pled.

Defendant may still seek leave to amend its answer. For instance, if Defendant requires discovery to determine the factual basis to assert an affirmative defense, Defendant may seek leave to amend its answer once it discovers such facts.[1] *See Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 994 n. 2 (E.D. Cal. 2016) ("If a defendant can allege no

---

[1] A defendant may assert affirmative defenses, except for those listed in Rule 12(h), even if it did not include the defense in its original answer. *See Baumgarner v. Cmty. Servs., Inc.*, 992 F. Supp. 2d 1081, 188 (D. Or 2014) (noting that a defendant is not "required to raise all of its affirmative defenses" in its original answer because "the Ninth circuit has liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings") (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *see also McGinest v. GTEServ. Corp.*, 247 F. App'x 72, 75 (9th Cir. 2007) ("As long as the plaintiff is not prejudiced, affirmative defenses that were not pleaded in an answer may be raised for the first time on summary judgment.").

facts in support of a defense, that defendant must not plead it. If a defendant later discovers facts that might indicate that an affirmative defense might apply, it may seek leave to amend to add that affirmative defense.").

## CONCLUSION

For the reasons above, Plaintiffs' motion to strike (ECF No. 47) is DENIED as to Defendant's first, sixth, twelfth, sixteenth, seventeenth, and eighteenth affirmative defenses and GRANTED as to Defendant's eighth, ninth, and tenth affirmative defenses. Defendant may seek leave to amend its eighth, ninth, and tenth affirmative defenses to make those defenses more definite.

DATED this 6th day of October 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge