UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BRUNO HANNEY; and PAUL TAYLOR, Individually and on behalf of all others similarly situated, | Case No. 6:21-cv-01199-MK |
| Plaintiffs, | **OPINION AND ORDER** |
| vs. | |
| EPIC AIRCRAFT LLC, a Delaware limited liability company, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs filed this putative class action against Defendant Epic Aircraft, LLC ("Epic"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and for violating the Oregon Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. ("ORS") §§ 646.605, *et seq.* Compl., ECF No. 1. Epic moves to compel Plaintiffs' disclosure of damages. ECF No 87. For the reasons that follow, Epic's motion is DENIED.

Page 1 — OPINION AND ORDER

## BACKGROUND

Epic manufactures airplanes. In 2014, Epic announced its plan to design, develop, and manufacture a single-engine, six-seat turboprop E1000 aircraft, with hopes of receiving Federal Aviation Administration ("FAA") certification in 2015. Compl. ¶ 2. Epic took reservations for the E1000 aircraft at a price of $2.75 million. *Id.* ¶ 6. Epic's customers, including Plaintiffs, entered into aircraft customer reservation agreements and submitted the required monetary deposits. *Id.* ¶¶ 3–4, 17–18. Epic received FAA type and production certifications in November 2019 and July 2020 respectively. *Id.* ¶¶ 7–8. Shortly after receiving FAA production certification, Epic informed its customers with reservation agreements that the aircraft would not be available for sale. *Id.* ¶¶ 10. Instead, Epic offered to sell a "new" E1000 GX aircraft model to its existing E1000 customers for a retail price of $3.85 million. *Id.* ¶ 11.

In August 2021, Plaintiffs filed this lawsuit on behalf of themselves and other reservation agreement holders, alleging that Epic breached the terms of E1000 aircraft customer reservation agreements and made material misrepresentations and omissions in connection with the marketing and sale of E1000 aircraft. *Id.* ¶¶ 131–183.

## LEGAL STANDARD

Rule 26(a) requires parties to disclose "a computation of each category of damages claimed" and "make available for inspection and copying…the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(C). These initial disclosures must be based on the information "reasonably available" to the party at or within 14 days of the Rule 26(f) initial discovery conference, and must be supplemented whenever a party learns that the initial disclosures were

"incomplete or incorrect." Fed. R Civ. P. 26(a)(1)(C),(E).  A party is "not excused from making its disclosures because it has not fully investigated the case." Fed. R Civ. P. 26(a)(1)(E).

## DISCUSSION

Following Epic's filing of this motion, Plaintiffs served Epic with supplemental discovery including additional damages information, noting that they believed Epic's motion to be resolved by the additional disclosures. *See* ECF No. 90. The Court ordered the parties to submit a joint status report identifying any remaining discovery issues arising out of Epic's motion and requiring Court intervention to resolve. ECF No. 91. Epic identifies six remaining issues with Plaintiffs' Second Supplemental Rule 26(a) Initial Disclosures. *See* Joint Status Report at 1, ECF No. 101. Epic argues that those same deficiencies apply to Plaintiffs' answer to Interrogatory No. 2. *Id*. at 2.

The principal remaining disagreement concerns whether Plaintiffs' damages disclosures lack required specificity. *See* Joint Status Report at 1, ECF No. 101. Plaintiffs have disclosed that damages are "the difference between the price of a certified E1000 aircraft secured in their executed E1000 aircraft reservation deposit agreements ($2,750,000) and the value of a certified E1000 or substantially similar aircraft at the time when…" either the breach occurred or "when Epic falsely informed Plaintiffs that Epic terminated its program" for the Breach of Contract and UTPA claims respectively ("currently estimated to be around $3,850,000"). *Id*. at 3. Epic contends that Plaintiff's disclosure is insufficient under Rule 26(a)(1)(iii) because it does not does not identify (1) the substantially similar aircraft, (2) the exact date, and (3) the exact value of the damages claimed. *Id*. at 1. Plaintiffs respond by noting that the information they need in order to provide more specificity is in Epic's possession and is the subject of Plaintiffs' outstanding requests for production. *Id*. at 4.

The Court finds that Plaintiffs have disclosed sufficient information under Rule 26(a) at this stage of the case. Although Rule 26(a) requires a calculation of damages, the advisory committee's notes make clear that the obligation only applies to information "reasonably available" and that "a party would not be expected to provide a calculation of damages which…depends on information in the possession of another party or person." Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendments. Plaintiffs have identified the method by which their damages are calculated, provided an estimate of damages, and explained that any more specific information is in the possession of Epic. Plaintiffs will be required under the rule to update their estimate once they obtain the requested discovery from Epic, but their obligation at this stage is only to provide information "reasonably available." The Court is satisfied that Plaintiffs have complied with their obligation under Rule 26(a) at this stage of the case.

The Court has likewise reviewed Epic's remaining objections along with Plaintiffs' position and finds that Plaintiffs' disclosures are legally sufficient at this stage. The Court also notes generally that several of the remaining objections lack any citation to legal authority and appear to the Court to border on frivolous.[1] When the Court invited the parties to submit a joint status report identifying remaining issues, the Court expected that the parties would work together in good faith to ensure that any matters that could be resolved without Court intervention. The remaining areas of dispute leave the Court wondering whether a meaningful attempt to discuss and resolve these issues ever took place. This dispute is only the latest example of a trend of ***both*** Plaintiffs and Defendant in this case to seek Court intervention in lieu of engaging in constructive

---

[1] For example, Epic identifies as one of the remaining discovery issues the fact that Plaintiffs restated their duty to supplement within their disclosure. The Court struggles to understand how that restatement of their duty—even if inaccurately restated as a "right"—impacts Epic in any way, and Epic has certainly not explained how it does. Plaintiffs' boilerplate assertion that amendment and supplementation is their "right" does not alter the nature of their obligation under the rule.

Page 4 — OPINION AND ORDER

conferral and cooperation in the discovery process. The Court admonishes the parties that the discovery process "is subject to the overriding limitation of good faith." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Resolution of discovery issues by the Court should be the parties' last resort, not a regular practice, as "it is not the court's function to drag [the parties] kicking and screaming through discovery." *Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 489 (S.D. Fla. 1984). While the Court recognizes that some discovery disputes require the Court's assistance to resolve, it directs the parties to recommit themselves to engaging in cooperative discovery and to carefully consider—especially when specifically directed by the Court to do so—whether meaningful disputes remain as to each issue before seeking Court intervention. The Court will not suffer either parties' abuse of the discovery process as a litigation tactic.

## CONCLUSION

For the reasons above, Defendant's Motion to Compel Disclosure of Damages (ECF No. 87) is DENIED.

DATED this 8th day of May 2023.

> s/ Mustafa T. Kasubhai
> MUSTAFA T. KASUBHAI (He / Him)
> United States Magistrate Judge