IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUNO HANNEY; and
PAUL TAYLOR, individually
and on behalf of all other similarly situated,

        Plaintiffs,

        v.

EPIC AIRCRAFT, LLC,
a Delaware limited liability company,

        Defendant.

Case No. 6:21-cv-01199-MK

OPINION & ORDER

MCSHANE, Judge:

    Magistrate Judge Mustafa T. Kasubhai filed a Findings and Recommendation ("F&R") recommending the Court grant Plaintiffs' Motion for Class Certification (ECF No. 115), deny Defendant's Motion to Deny Class Certification (ECF No. 93), and deny Defendant's Motion to Strike (ECF No. 124). The matter is now before this Court on Defendant's objections. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). I review de novo. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1998). I find no error and conclude the report is correct.

1 – OPINION & ORDER

**DISCUSSION**

Defendant Epic Aircraft, LLC raises four principal objections to Judge Kasubhai's F&R. First, Defendant argues that the numerosity requirement under Fed. R. Civ. P. 23(a)(1) is not satisfied. Def.'s Obj. 9–23, ECF No. 133. Second, Defendant argues that Plaintiffs do not meet the superiority requirement under Fed. R. Civ. P. 23(b)(3). *Id.* at 23–29. Defendant further argues that the predominance, typicality, and adequacy requirements are not satisfied under Fed. R. Civ. P. 23(b)(3) and 23(a)(3)–(4). *Id.* at 29–34. Finally, Defendant objects that Judge Kasubhai erred in denying Defendant's Motion to Strike. *Id.* at 2; 34. The Court addresses each objection in turn.

**A. Numerosity**

Defendant first argues that Judge Kasubhai erred in concluding that the numerosity requirement is satisfied under Fed. R. Civ. P. 23(a)(1). *Id.* at 9–23. The Court disagrees.

Rule 23(a)(1) requires a party seeking class certification to show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although class size is not the sole determining factor, a class of 40 or more members creates a presumption of impracticability of joinder in the Ninth Circuit. *See* 1 *Newberg on Class Actions* § 3:12 (5th Ed.). When class size is smaller, courts also consider the following factors: (1) the geographical diversity of class members; (2) the ability of individual claimants to institute separate suits; (3) whether injunctive or declaratory relief is sought; and (4) the ability to identify and locate class members. *A.B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 835–36 (9th Cir. 2022). Nonetheless, there are few bright-line rules and district courts have broad leeway in making class certification decisions. *Dunleavy v. Nadler*, 213 F.3d 454, 461 (9th Cir. 2000). For this reason, other courts "have not hesitated to certify subclasses with fewer than 40 members where joinder

would be impracticable due to geographical dispersion or other factors." *Chambery v. Tuxedo Junction, Inc.*, 10 F. Supp. 3d 415, 420 (W.D.N.Y. 2014).

In the present case, Judge Kasubhai correctly concluded that the numerosity requirement was satisfied because the classes are sufficiently large and geographically dispersed to make joinder impracticable. Although the parties dispute whether the class consists of 34 members or 50 members, joinder is impracticable under either scenario because it would create substantial logistical burdens for little, if any benefit. Class members are widely dispersed in in more than 20 states and countries and, notably, none live within the state of Oregon. Although the Court acknowledges that the amount in controversy and relative sophistication of the parties are countervailing factors, they are not as meaningful as the concerns associated with judicial economy.

Defendant also argues that a Forum Selection Clause in the reservation deposit agreements ("RDAs"), which provides that all putative class members "consent to the exclusive jurisdiction and venue of the Courts of Deschutes County, Oregon," mitigates against a finding of impracticability of joinder because claims from non-class members can instead be joined under Fed. R. Civ. P. 20 or consolidated under Fed. R. Civ. P. 42. Def.'s Obj. 4; 19–20. However, the existence of a valid Forum Selection Clause does not undercut the fact that judicial economy and the undisputed geographic dispersion of the class members favors class certification. As Judge Kasubhai stated, "[h]auling each class member into the District of Oregon for the purpose of litigating identical claims against Defendant would be an unnecessary and impracticable use of judicial resources." F&R 5, ECF No. 128. The Court agrees with the F&R that the numerosity requirement under Rule 23(a)(1) is satisfied.

3 – OPINION & ORDER

**B. Superiority**

Defendant next objects that the F&R erred in determining that the superiority requirement is satisfied under Fed. R. Civ. P. 23(b)(3). Def.'s Obj. 23–29. The Court disagrees.

Class certification under Rule 23(b)(3) is proper if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining whether class certification is a superior vehicle for adjudication, courts consider the following non-exclusive factors: (i) the class members' interests in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by or against class members; (iii) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (iv) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(A)–(D). Underlying this test is a strong concern for judicial economy. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1176 (9th Cir. 2010); *see also*, *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) ("Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation.").

Here, Judge Kasubhai properly determined that the Rule 23(b)(3) factors and controlling case law "weigh[ed] in favor of finding that a class action is superior to other methods of resolution[.]" F&R 10–11. With respect to the first two factors, more than two years have passed since Plaintiffs first filed this action in federal court. Since then, not a single class member has filed a related or competing lawsuit. This lack of other pending litigation—the existence of which would otherwise threaten inconsistent adjudications—is a strong indicator that a class

action is the superior vehicle.[1] Regarding the third and fourth factors, Plaintiffs' claims arise out of the same alleged wrongful conduct and rest on the resolution of common issues of fact and law. Proceeding as a class action will therefore allow the court to resolve numerous issues on a class-wide basis in a single trial. To the extent that any class members decide against participating in the litigation after class certification, Rule 23(b)(3)'s mandatory notice and opt-out requirements provide sufficient procedural safeguards to protect their interests. *See* Fed. R. Civ. P. 23(c)(2)(B).[2]

Defendant also contends that a class action is not the superior vehicle because of the size of the potential recovery and relative sophistication of the parties. This argument also fails. Although the amount in controversy is a relevant factor, nothing in the text of text of Rule 23(b)(3) creates a per se rule against class certification in cases where individual damages run high. *Windsor,* 521 U.S. at 617; *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment."). Finally, the risks involved in this case, as well as length of the litigation, also weigh in favor of a finding of superiority. Plaintiffs' counsel has dedicated significant resources over the course of more than two years to prosecute this action on a contingent basis. The risks associated with this litigation, together with the relatively high costs, create a reasonable inference that plaintiffs would not pursue their claims individually. *See Kakani v. Oracle Corp.*,

---

[1] Defendant argues that the absence of litigation from other class members indicates that "class members (apart from two Plaintiffs here) have no interest in pursuing claims against Epic." Def.'s Obj. 28–29. As Plaintiff notes, however, the lack of such litigation could also support the opposite conclusion: "that class members have weighed the substantial cost and risk of litigation and refrained from filing suit in favor of remaining absent class members." Pls.' Resp. 21, ECF No. 136. In any event, Defendant offers no evidence in support of this argument.

[2] The risk of procedural unfairness to class members is especially low in this case because Defendant is aware of the identity and possesses the contact information of each class member who entered into an aircraft customer reservation agreement. All class members will therefore be notified of this action.

No. C 06-6493-WHA, 2007 WL 4570190, at *4 (N.D. Cal. Dec. 21, 2007) (recognizing that consumer fraud actions are inherently risky).

In summary, alternative methods for resolving this dispute are inferior because of the likely difficulties in managing these cases individually. The superiority requirement is therefore satisfied.

### C. Predominance, Typicality, and Adequacy

Defendant also objects that Judge Kasubhai erred in finding that the predominance, typicality, and adequacy requirements are satisfied under Rules 23(b)(3) and 23(a)(3)–(4). Def.'s Obj. 29–34. Specifically, Defendant argues that the named Plaintiffs are subject to unique defenses because both admitted in their depositions that the contracts at issue did not require Defendant to sell them an aircraft. *Id.* at 30. The Court disagrees. Plaintiffs satisfy all three class certification requirements.

Under Rule 23(a)(3), a class may only be certified if "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). Representative claims are typical if they "are reasonably coextensive with those of absent class members; they need not be substantially identical." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (citation omitted). "Measures of typicality include 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (citation omitted). A plaintiff's claims are not typical where "there is a danger that absent class

members will suffer if their representative is preoccupied with defenses unique to it." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

Rule 23(a)(4) in turn requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To defeat adequacy, a conflict must be "actual" and not merely "speculative." *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003). An actual conflict exists if the remedy sought precludes "structural assurance of fair and adequate representation for the diverse groups and individuals affected." *Windsor*, 521 U.S. at 627; *Backus v. ConAgra Foods, Inc.*, No. C 16-00454-WHA, 2016 WL 7406505, at *5–6 (N.D. Cal. Dec. 22, 2016) (holding that adequacy is not satisfied where deposition testimony contradicts critical aspects of their claims).

To certify a class under Rule 23(b)(3), common questions of law or fact must predominate over questions affecting individual members. Fed. R. Civ. P. 23(b)(3). A question is common if the issue can be proven by generalized, class-wide proof. *Torres v. Mercer Canyons, Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). In determining whether the predominance requirement is satisfied, courts examine the elements of the underlying cause of action, which in turn "must be capable of being established through a common body of evidence, applicable to the whole class." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665–66 (9th Cir. 2022).

In the present case, Defendant's argument that Plaintiffs are subject to unique defenses that preclude findings of typicality, adequacy, and predominance fails because it relies on deposition testimony taken out of context. Although Plaintiffs acknowledged that the reservation agreement itself was not equivalent to a purchase agreement, both Plaintiffs "unequivocally

testified that they reasonably believed that once the E1000 aircraft was certified by the FAA, the RDA required Defendant to provide them with the opportunity to enter into a purchase agreement for the E1000 aircraft in accordance with their agreed-upon production order positions and at the agreed-upon price." F&R 8. Plaintiff Bruno Hanney exchanged the following dialogue with defense counsel in deposition:

> Q: And then finishing that sentence: ". . . and does not contain any obligation on the part of customer to purchase or Epic to sell an aircraft." Did you conclude or do you conclude that this language means that you had no obligation to purchase an aircraft? . . .
>
> A: My understanding is with this -- with Exhibit 1 and 2, these were pre-position agreements until the aircraft was fully certified, and then we would sign an executed purchase agreement at the time that the aircraft was fully developed and certified, and we would be receiving an E1000 at our agreed price.

Bruno Hanney Dep. Test. Ex. 9, at 20:16–21:6, ECF No. 123; *see also*, *id.* at 119:17–22 ("I was supposed to get an E1000, and I wasn't given the opportunity to buy that airplane at the price I signed up for."). Plaintiff Paul Taylor made an almost identical statement. He testified:

> [T]hey deprived me the opportunity to enter into a contract to purchase my E1000 for the price I was led to believe we were getting, under the terms we were led to believe we were getting the aircraft for, and the use of the aircraft that goes with it.

Paul Taylor Dep. Test. Ex. 10 at 159:15–59:19, ECF No. 123. Neither of these statements contain any admissions that render the named Plaintiffs uniquely vulnerable. On the contrary, Defendant has indicated that it intends to raise the same defense—that the reservation deposit agreements did not require it to sell E1000 aircraft—for all class members' breach of contract claims. *See* F&R 8. For these reasons, the Court finds that Plaintiffs' deposition testimony is not an obstacle to class certification.

8 – OPINION & ORDER

Switching tactics, Defendant also argues that Plaintiffs are not suitable class representatives because they contemplated purchasing the aircrafts for resale and therefore cannot pursue UTPA claims. Def.'s Obj. 31–32. *Id.* Defendant's argument lacks merit. Although the UTPA only applies where "goods are customarily bought by a substantial number of purchasers for personal, family or household uses and were, in fact, bought by the plaintiff for [their] or someone else's use and not for resale," the Ninth Circuit has previously stated that defenses unique to a class representative only present certification issues if they "threaten to become the focus of the litigation." *Searle v. Exley Express*, 564 P.2d 1054, 1056 (Or. 1977); *Hanon*, 976 F.2d at 508 (citation omitted). No such threat exists in this case. Determining which class members planned or otherwise contemplated purchasing the E1000 aircraft for resale is a largely "ministerial" matter that can easily be accomplished by posing a single yes or no question to all class members. *Magallon v. Vital Recovery Servs. LLC*, No. 16-cv-2971-JAH-BLM, 2018 WL 1336291, at *6 (S.D. Cal. Mar. 14, 2018); *see also Victorino v. FCA US LLC*, No. 16-cv-1617-GPC (JLB), 2020 WL 2306609, at *4 (S.D. Cal. May 8, 2020) (declining to decertify a class action brought under a California consumer protection statute because a claims administrator could devise a procedure to ensure that claimants purchased their vehicle for personal, family or household purposes). Accordingly, Judge Kasubhai correctly determined that the personal or resale motive under the UTPA was an "orthogonal" issue that did not defeat "the clear existence of shared legal claims" for purposes of class certification. F&R 6–7.

**D. Defendant's Motion to Strike**

Finally, Defendant objects that Judge Kasubhai erred in denying its Motion to Strike portions of Plaintiff's Reply in Support of Class Certification. Def.'s Obj. 34. Defendant

contends that Plaintiffs inappropriately raised "new" arguments on the impracticability of joinder in their reply brief which unfairly prevented Defendant from responding. *Id.* at 2; 34. The Court disagrees.

Here, Judge Kasubhai correctly found that Plaintiffs did not assert new joinder arguments in their reply brief. Rather, "Plaintiffs' [original] motion to certify the class raised the issue of impracticability of joinder based on the numerosity of the putative class." F&R 5; *see also* Pls.' Mot. for Class Cert. 33, ECF No. 115–16 ("Joinder under Rule 20 and consolidation under Rule 42 will subject class members who join the litigation or file a related action to costly and burdensome discovery and force them to physically appear in Oregon for depositions, hearings and at trial."). Moreover, multiple courts in the Ninth Circuit have held that arguments submitted in a reply are not "new" when they directly rebut issues raised in the non-movant's opposition to a motion. *See*, *e.g.*, *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015); *Tyson v. Oregon Anesthesiology Group, PC*, No. 03-cv-1192-HA, 2008 WL 2371420, at *16 (D. Or. June 6, 2008) (concluding that affidavits and exhibits filed in a reply brief were not "new" evidence because they rebutted arguments asserted by plaintiff in the response). Thus, even if Plaintiffs raised new arguments regarding joinder on reply, those arguments were proper because they were raised to rebut matters briefed by Defendant in its response. *Compare* Def.'s Resp. 15–22, ECF No. 121 ("[J]oinder is practicable, and there is no need for a class action.") *with* Pls.' Reply 11–21, ECF No. 123. For these reasons, Judge Kasubhai properly recommended denying Defendant's Motion to Strike.

/ / / /

/ / / /

## CONCLUSION

Magistrate Judge Kasubhai's Findings and Recommendation (ECF No. 128) is adopted in full. Plaintiff's Motion for Class Certification (ECF 115) is GRANTED. Defendant's Motion to Deny Class Certification (ECF No. 93) and Motion to Strike (ECF No. 124) are DENIED.

IT IS SO ORDERED.

DATED this 10th day of May, 2024.

/s/ Michael McShane
Michael McShane
United States District Judge
