UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BRUNO HANNEY and PAUL TAYLOR, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EPIC AIRCRAFT, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. 6:21-cv-01199-MK <br><br> **AMENDED OPINION & ORDER** |

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs filed this class action[1] against Defendant Epic Aircraft, LLC ("Defendant"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and alleging that Defendant violated the Oregon Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. §§ 646.605, et seq. Compl., ECF No. 1. Before the Court is Plaintiffs' Motion for Approval of Form and Manner of Class Notice (ECF No. 162).

/ / /

/ / /

---

[1] The class was certified May 10, 2024. ECF No. 144.

Page 1 —AMENDED OPINION & ORDER

For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). The notice must "clearly and concisely state in plain, easily understood language,":

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* Relatedly, due process requires that the class notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)." "The yardstick against which [courts] measure the sufficiency of notices in class action proceedings is one of reasonableness." *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1117 (9th Cir. 2018) (internal quotations omitted).

Consistent with the requirement for class notice, Plaintiffs have submitted for the Court's approval short- and long-form notices which they propose emailing (as to both forms of notice) and mailing (as to the long-form notice) to the parties. Defendant raised several objections to Plaintiffs' proposed form and manner of class notice. First, Defendant argues that class members must be allowed to opt-out of the class via email rather than mail if they so choose. But this argument is unsupported by any authority—much less binding authority—that is comparable to the circumstances of this case. Here, where the class size is relatively small and the amount of potential damages is large, the Court finds that requiring a physical opt-out form with a wet ink signature is reasonable. However, to avoid an undue burden on class members who choose to opt-out of the class, Plaintiffs are ordered to include with their long-form notice a form for such

individuals to fill out to request an opt-out. That form shall be on a separate page, and included with it will be a self-addressed envelope.

Second, Defendant argues that Plaintiffs' class notice does not comply with Rule 23(c)(2)(B) because the short-form notice which will be emailed to the parties does not contain all the required information. However, that information is contained in the long-form notice which will be attached to the e-mail as well as mailed directly to class members. The Court finds that this is sufficient to satisfy the class notice requirements.

Third, Defendant argues that the long-form notice does not include sufficient detail to satisfy Rule 23(c)(2)(B)(iii), which requires inclusion of "defenses" in "clearly and concisely state in plain, easily understood language." After reviewing Defendant's Answer, the Court finds that the long-form notice contains sufficient detail regarding Defendant's pled defenses and therefore complies with the rule.

Finally, Defendant proposed several redline edits to portions of the long-form notice. After reviewing these proposals along with the class definitions and requirements under the rule, the Court finds the proposed redline edits unnecessary to reasonably notice the class as required under the rule.[2]

In sum, after careful review of the proposed short- and long-form notices and consideration of the parties' arguments in briefing and during oral argument on September 24, 2024, the Court finds that Plaintiffs' proposed form and manner of class notice is reasonable and is the best notice practicable under the circumstances, consistent with due process, and contains all the information required under Rule 23(c)(2)(B).

---

[2] The parties' briefing indicates that the parties have agreed to one redline edit to Plaintiffs' notice. Def.'s Resp. 7; Pls.' Reply 12. That particular amendment shall therefore be included in the long-form notice.

Page 3 —AMENDED OPINION & ORDER

Thus, with the exception of the language changes which were agreed upon by the parties, as well as the requirement that Plaintiffs include an opt-out form with a self-addressed envelope, Plaintiffs' proposed form and manner of class notice is approved. The Court further adopts Plaintiffs' proposed notice plan. Defendant shall provide a list of names, email addresses and last known mailing addresses of class members to class counsel within 14 days of this order. Class counsel shall email and mail all notices to class members within 28 days of entry of this order. Class counsel shall file a declaration of service of class notice along with a list of all class members who requested to be excluded from the classes within 75 days of the date of the emailing/mailing of the class notice.

Plaintiff's Motion for Approval of Form and Manner of Class Notice (ECF No. 162) is GRANTED IN PART. Plaintiffs' short- and long-form class notices are approved except as modified above.

DATED this 11th day of October 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge